UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:07-CR-48 |
| | ) | |
| BILLIE FAYE ANDERSON | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal matter is before the Court upon Defendant's Motion for a New Trial, [Doc. 64]. On September 21, 2007, a jury convicted the defendant of a violation of Title 42, United States Code, § 1320a-7b, that is, having knowledge of an event that affected her continued right to receive Medicaid payments, *i.e.*, absence of a medical director at a licensed nursing home facility, the defendant concealed and failed to disclose the event with the intent to fraudulently secure Medicaid payments when none were authorized. *See* 42 U.S.C. § 1320a-7b (2008). A partial sentencing hearing was conducted on June 3, 2008, and a continuance of that hearing was held on June 17, 2008. At that hearing, the defendant moved to continue the hearing once again, and this Court granted the defendant's motion and continued the hearing until June 24, 2008. On June 23, 2008, the defendant filed her timely Motion for New

Trial, [Doc. 64], based on newly discovered evidence and, thus, this Court cancelled the sentencing hearing until the resolution of this motion.

The Defendant argues in her new trial motion[1] that a witness, Ms. Pat Potter, previously unknown to the defendant, came forward on June 15, 2008, with relevant information that "directly undermines the government's scienter element . . . and that had [she] testified [at trial], an acquittal would have been likely." According to Ms. Potter, who was the late Dr. William Bailey, Jr.'s business manager at his private medical practice, she would testify that she was present during a conversation between Dr. Bailey and his son, Mr. William Bailey, III, who was also Dr. Bailey's office manager, on April 15, 2002. (*See* Potter Aff. ¶ 2-3, June 23, 2008.) During this conversation, Dr. Bailey informed his son that he was serving as Anderson Nursing Home's medical director on an interim basis for the next six to eight months, receiving no compensation. (Potter Aff. ¶ 3.) According to Ms. Potter, Mr. Bailey "strenuous[ly] object[ed]" to his father's decision. (Potter Aff. ¶ 3.) The defendant further argues that this information was not known prior to trial despite "extensive investigation," that it was "critical" information, and that it "would demonstrate that the defendant did not knowingly operate a nursing home without a medical director."

---

[1] In defendant's Motion to Amend Motion for New Trial, [Doc. 68], she withdraws her *Brady/Giglio* argument, her second basis for seeking a new trial.

The government argues that the witness could have been discovered prior to trial because she was present at a deposition Dr. Bailey gave before his death, and a copy of this deposition showing her presence was furnished to the defendant prior to trial. The government also contends that Ms. Potter's testimony is not likely to produce an acquittal because it is inadmissible hearsay, for which there is no exception, and that it is inadmissible impeachment evidence. Even if it is admissible to impeach William Bailey's trial testimony, the government argues it would not constitute material evidence, entitling the defendant to a new trial; it would merely be impeaching evidence. In addition to arguing that specific factual testimony at trial overwhelming showed the defendant's guilt, the government also argues that in a civil suit, the defendant admitted that the facility operated without a medical director. The government further points out that in Dr. Bailey's deposition, given in this same civil suit, he testified that he and the defendant never discussed nursing home business and that their relationship was a doctor and patient relationship, he being the defendant's own physician.

The facts at trial demonstrated that Dr. Daniel David left his position as Anderson Healthcare, Inc.'s medical director in March, 2002. The defendant testified that she then asked Dr. Bailey and Dr. Frank Johnson to serve as the facility's medical director on a interim basis and thought that both doctors were serving in that capacity.

She also testified that she attempted to notify the State of Tennessee of the medical director's status via a letter. However, Ms. Faye Vance, the Nurse Administrator for the East Tennessee Regional Health Care Facilities, testified that she never received this letter. Furthermore, the defendant signed a disclosure form in September, 2002 in which she indicated that there had been no change in the medical director position within the last year.

Doctor Johnson testified that he never agreed to serve as medical director and mailed the unsigned contract back to the defendant. He was unaware if the defendant ever received this contract. In addition, however, Becky Riddle, an employee of Anderson Healthcare, testified that in September, 2002, the defendant instructed her to forge Dr. Johnson's signature on the medical director contract, and she did so. Moreover, Department of Healthcare Facilities Nurse and Inspector Tim Sherrill testified that in February, 2003, while at Anderson Healthcare on a complaint investigation, the defendant showed him the medical director's contract with Dr. Johnson's name on it. The defendant told him that Dr. Johnson was the medical director from July, 2002 to just before his investigation in February, 2003. She also told Mr. Sherrill that she had just hired another director to replace Dr. Johnson, but she did not give the new doctor's name. Also, she did not mention that Dr. Bailey was or had served as medical director.

Regarding Dr. Bailey's alleged service as medical director, his son testified at trial that he was Dr. Bailey's General Manager/Administrator at his father's private medical practice. He further testified that Dr. Bailey was an attending physician at Anderson Healthcare but that he had no knowledge of Dr. Bailey serving as medical director even on an interim basis. Mr. Bailey testified that if Dr. Bailey had agreed to serve as medical director, then he would have known about this decision.

Federal Rule of Criminal Procedure 33(a) states that a district judge may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant or deny such a motion rests within the discretion of the district court and should not be reversed absent a showing of abuse of discretion." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993). Generally, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Nonetheless, "'[n]o court wishes a defendant to remain in jail if [she] has discovered evidence showing that [she] is not guilty, but after a [defendant] has had [her] day in court, and has been fairly tried, there is a proper reluctance to give [her] a second trial." 3 Charles Alan Wright et al., *Federal Practice and Procedure* § 557 (3d ed. 2004).

To obtain a new trial based on newly discovered evidence, a defendant

must establish four elements: (1) that the evidence was discovered after the trial; (2) that the evidence could not have been discovered earlier with due diligence; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that the evidence would likely produce an acquittal if the case were retried. *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir.1982), *cert. denied* 461 U.S. 945 (1983). To merit a new trial based on newly discovered evidence, the defendant must satisfy his burden of proof by proving all four of the listed factors. *Turner*, 995 F.2d at 1364.

First, factor number one is met; the evidence was discovered after trial. However, factor number two is not met. The defendant could have discovered this evidence prior to trial. The government is correct in asserting that Ms. Potter's name was in Dr. Bailey's deposition testimony, which was supplied to the defendant prior to trial. In the deposition, Ms. Potter interjected several times, and at one point, her assistance was sought in reading Dr. Bailey's handwriting. The defendant was present at this deposition, and she was put on notice that Ms. Potter worked for Dr. Bailey. She could have informed her criminal defense attorney of this, and again, Ms. Potter's name was listed in the deposition given to the defendant and counsel during discovery. Although the defendant may not have been aware that Ms. Potter was present for the conversation between Dr. Bailey and Mr. Bailey, where Dr. Bailey allegedly told Mr. Bailey that he was serving as Anderson Healthcare's medical director, the information

could have been discovered had the defendant chosen to interview Ms. Potter prior to trial.

Although this Court FINDS that the defendant has not met the second factor, the Court will address the remaining two factors simultaneously, the third being that the evidence is material, not merely cumulative or impeaching, and the fourth being that the evidence would likely produce an acquittal. In order for these factors to be satisfied, the evidence would have to be admissible at trial. Ms. Potter's testimony that Dr. Bailey informed her and Mr. Bailey that he agreed to be Anderson Healthcare's medical director could only be material in regards to factor three if it were offered for its truth. Furthermore, to likely produce an acquittal, the jury would have to accept this statement as true. This out-of-court statement made by Dr. Bailey, the declarant, offered in court for its truth, satisfies the definition of hearsay. *See* Fed. R. Evid. 801(c). Thus, to be admissible, it must fit within an exception. *See* Fed. R. Evid. 802, 803, and 804.

The only exception that could possibly apply in this case is the residual exception found in Federal Rule of Evidence 807. It states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other

> evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807.

This Court cannot find that Dr. Bailey's statement has equivalent circumstantial guarantees of trustworthiness because even though it is offered as evidence of a material fact, the statement is not more probative on the point for which it is offered than Mr. Bailey's testimony that, as manager/administrator of his father's private practice, he would have known if his father would have agreed to serve as medical director. Also, the late doctor's own deposition testimony, which would also be considered hearsay, sheds light on the trustworthiness of the statement. In his deposition testimony, Dr. Bailey stated that he did not discuss nursing home matters with the defendant. His relationship with the defendant was that of doctor and patient. Because he did not state that he agreed to serve as director in this deposition, and in fact, only referred to his relationship with the defendant as he did, this Court cannot conclude that the statement has circumstantial guarantees of trustworthiness.

Furthermore, the general purpose of the rules to ensure the reliability of evidence would not be served in admitting a statement whose trustworthiness was in question. In addition, even if Ms. Potter did not testify to the actual hearsay statement, and instead testified that as business manager, she would have known if Dr. Bailey would have agreed to serve as interim medical director, similar to Mr. Bailey's testimony, this testimony is merely impeaching, and does not amount to material evidence which would warrant a new trial.

For the reasons set forth above, this Court finds that the defendant has not carried her burden for showing that all four necessary factors are met, warranting her a new trial. Accordingly, it is hereby **ORDERED** that the defendant's motion , [Doc. 64], is **DENIED**. It is further **ORDERED** that the sentencing of the defendant will be held on Tuesday, August 12, 2008, at 1:30 p.m.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE